(51 Misc. Rep. 483.)

In re PRITCHARD. In re TRUXES. In re STONER. In re HOLMES.

(Supreme Court, Special Term, Erie County. October, 1906.)

MANDAMUS—POLICE BOARD—REINSTATEMENT OF OFFICERS.

The power to detail patrolmen for detective duty in the city of Buffalo is by the charter of such city vested exclusively in the superintendent of police, who also has power to revoke such details, so that an application for mandamus to compel the police board to reinstate relators as detective sergeants will be denied.

Applications by one Pritchard, one Truxes, one Stoner, and one Holmes for writs of mandamus against the police board of Buffalo. Applications denied.

George W. Wheeler, for relators.
S. F. Moran, City Atty., opposed.

POUND, J. The charter of Buffalo (Laws 1901, p. 172, c. 105, § 191) provides that:

"The superintendent [of police] shall detail for detective duty such patrolmen * * * as he shall from time to time select. The patrolmen so detailed shall compose the detectives of the force and during the time said patrolmen are detailed for detective duty they shall have the rank and pay of sergeants and be known as detective sergeants."

Relators, who are regularly appointed patrolmen of the police force of Buffalo, had been, prior to April 13, 1906, detailed as detective sergeants, and had for some time been acting as such; but, on said date, their details were summarily revoked by an order of the acting superintendent of police. The charter provides (section 192) that members of the police force shall be liable to reduction in rank only upon charges and after a hearing.

It is plain, from the language of the charter, that a distinction exists between an appointment and a detail, and that the detective sergeants are not on the same footing with the other officers of the force. The

board of police appoints sergeants. Charter, § 187. The superintendent details patrolmen for detective duty. Section 191. Their tenure is not permanent, for such details are subject to revocation by an order signed by the superintendent. Section 200. Each member of the police force receives "a proper warrant of appointment signed by the board," containing his rank, while each patrolman assigned to detective duty "shall have issued to him a written order of detail signed by the superintendent." Section 200. The board "may reduce to a lower grade or rank all members of the police force (section 187) ;" but "the revocation of such detail shall be issued in like manner" as the order of detail—i. e., by the superintendent of police (section 200).

The Court of Appeals held in Matter of Sugden v. Partridge, 174 N. Y. 87, 66 N. E. 655, that the Legislature had power to make permanent the temporary rank of detective sergeants; but the full authority of the police commissioners of New York City to revoke such temporary designations at pleasure, prior to the amendment relied on in such cases, is recognized. People ex rel. Lahey v. Partridge, 74 App. Div. 291, 77 N. Y. Supp. 691. Judge Haight, in the Sugden Case, says:

"The only substantial change effected by the legislation in question is to make their (i. e., detective sergeants') tenure of office permanent, except in the case of removal, in the manner provided by law for sergeants. * * * In other words, it places the position of detective sergeant on the same footing with the other officers of the force."

The Legislature might, no doubt, give to the patrolmen now assigned to duty as detectives in Buffalo the permanent rank of sergeant; but it has not done this, and the necessary inference from the provisions of the charter and the cases cited is that detective sergeants have no permanent rank.

But it is not necessary to decide whether or not the revocation of a detail is a reduction in rank, requiring charges and a hearing under section 192 of the charter. These proceedings are against the board of police, while the exclusive power to detail patrolmen for detective duty and to revoke such details is vested by the charter in the superintendent of police. The applications must therefore be denied.

Applications denied.